# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| State Farm and Casualty Company, | ) |
|           Plaintiff, | )<br>)<br>) Civil Action No.: 2:09-CV-01396-PMD |
|    v. | )<br>) |
| John Singleton and Amanda Lynn Waldron<br>as Guardian for the minor Brandon Bivens,<br>Dorchester County School District Two,<br>and Brandon Bivens, Individually, | )    **ORDER**<br>)<br>)<br>)<br>) |
|           Defendants. | ) |

This matter is before the court upon Defendant Dorchester County School District Two's ("DCSD2") motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the court grants DCSD2's motion to dismiss.

## BACKGROUND

On May 28, 2009, Plaintiff State Farm Fire and Casualty Company ("State Farm") brought this action against Defendants seeking declaratory relief pursuant to 28 U.S.C. § 2201 regarding its liability on an insurance contract between State Farm and Defendant John Singleton ("Singleton"). State Farm provided a Homeowner's Insurance Policy to Singleton which was effective from November 29, 2004 through November 29, 2005. Defendant Brandon Bivens ("Bivens") has filed suit in the Court of Common Pleas of Dorchester County, South Carolina against Singleton and DCSD2 alleging that he was injured on September 22, 2005 when Singleton struck him with a kicking tee during a practice for the Greenwave Football League. See *Bivens, Brandon, a Minor by and through his mother and legal guardian, Amanda Lynn*

1

*Waldron vs. Dorchester County School District Two and John Singleton*, Case No. 07-CP-18-1602. Bivens named DCSD2 as a defendant in that state court action alleging that Greenwave Football League was under the control and direction of DCSD2.

State Farm filed this declaratory judgment action seeking a determination as to whether Singleton's actions fit within the intentional acts exclusion of the policy and also as to whether it has a duty to defend and/or indemnity Singleton in the state court action. On June 18, 2009, DCSD2 filed a 12(b)(1) motion to dismiss on the grounds that the action against DCSD2 did not present a "case or controversy" as required by Article III of Constitution.

## STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). The plaintiff has the burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without converting the motion into one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991).

## ANALYSIS

State Farm requests declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. That statute states:

> In a **case of actual controversy** within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201 (emphasis added).

In *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227 (1937), the Supreme Court explained that the Declaratory Judgment Act's "actual controversy" requirement is synonymous with Article III's case or controversy requirement and stated that the controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests." The Fourth Circuit has stated that "although declaratory judgments are frequently sought in advance of the full harm expected, they must still present a justiciable controversy rather than abstract, hypothetical or contingent questions." Miller v. Augusta Mut. Ins. Co., 157 Fed. Appx. 632 (4th cir. 2005) (*citing St. Thomas-St. John Hotel & Tourism Ass'n v. United States Virgin Islands,* 218 F.3d 232, 240 (3d Cir. 2000) (internal quotation marks omitted)).

Whether the subject of a declaratory judgment action is a sufficiently live controversy rather than an abstract question "is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

DCSD2 argues that because there is no case or controversy between State Farm and DCSD2, the court should dismiss DCSD2 from this action. DCSD2 argues that State Farm is seeking a declaration of the rights and legal relations from the insurance contract between State Farm and Singleton, and "DCSD2 is not a party to that contract and the resolution of this matter in no way affects DCSD2." (DCSD2's Mem. p. 3). Therefore, DCSD2 states that because no case or controversy exists between itself and State Farm, the court does not have subject matter jurisdiction and must dismiss DCSD2 from the action.

State Farm argues that a determination of coverage as to John Singleton will impact all Defendants, including DCSD2, and that therefore DCSD2 is a proper party to this action. State Farm asserts that DCSD2 is either a necessary party under Rule 19 of the Federal Rules of Civil Procedure or is a proper party under Rule 20. State Farm argues that because Bivens asserts that DCSD2 is vicariously liable for the actions of Singleton, "[i]f Dorchester is not named a Defendant in this Declaratory Judgment action and this Court found that there was no coverage for John Singleton . . . Dorchester is not bound by that decision. A determination that State Farm's policy provides coverage for John Singleton . . . would be beneficial to Dorchester because there would be coverage to pay the claim. Dorchester could potentially bring another Declaratory Judgment action to determine whether coverage is available." (State Farm Opp'n Mem. p. 2). State Farm concludes that DCSD2 should therefore remain as a party to this action.

The court finds that there exists a genuine controversy as between State Farm, the insurer; John Singleton, the insured; and Bivens, the plaintiff in the underlying liability claim. However, the court finds that because no case or controversy exists as between State Farm and DCSD2, the court must dismiss DCSD2 from this action for lack of subject matter jurisdiction.

Declaratory judgments are routinely sought to decide questions of coverage as between insurers and insureds—therefore, there certainly exists a justiciable controversy as between State Farm and Singleton. Additionally, insurers routinely join the claimant or plaintiff in the underlying liability claim as a defendant to a declaratory judgment against the insured. The Supreme Court in *Maryland Casualty Co.,* 312 U.S. at 273-74, "determined that an 'actual controversy' exists between an insurer, on the one hand, and a third party injured by the insured, on the other, when the insurer has initiated a declaratory judgment action against both its insured and the injured third party seeking court determination of its obligations under an insurance

4

policy." *Penn Am. Ins. v. Valade*, 28 Fed. Appx. 253, 256 (4th Cir. 2002) (citing *Maryland Cas. Co.,* 312 U.S. at 273-74). The Fourth Circuit applied the principle of *Maryland Casualty* in *Nautilus Insurance Co. v. Winchester Homes, Inc.,* 15 F.3d 371 (4th Cir.1994). In *Nautilus*, the Fourth Circuit Court of Appeals concluded as follows:

> A dispute between a liability insurer, its insured, and a third party with a tort claim against the insured over the extent of the insurer's responsibility for that claim is an "actual controversy" . . . even though the tort claimant has not yet reduced his claim against the insured to judgment.
> *Id.* at 375 n. 3.

Therefore the court finds, and the parties have not challenged, that there is a justiciable controversy as between State Farm, Singleton, and Bivens.

State Farm has, however, also joined DCSD2, a party with which State Farm has no contractual relationship. DCSD2 requests that the court dismiss DCSD2 as a party-defendant because no controversy exists between itself and State Farm, and the court agrees. There are few cases discussing whether a co-defendant in an underlying liability action is a proper party to be joined in a declaratory judgment action brought by an insurance company against an insured. While not controlling, in *Potomac Insurance Co. v. Pella Corp.*, No. 00-4013-DES, 2001 WL 421255 (D. Kan. April 20, 2001), the Kansas District Court dismissed the insured's co-defendant, Pella Corporation, from a declaratory judgment action brought by the insurer against the insured and Pella. In that case, a homeowner brought suit against Ray Anderson Company, an authorized dealer of Pella windows, and against Pella Corporation after the Pella Windows Ray Anderson installed on the homeowner's newly constructed residence began to leak. Potomac filed a petition for declaratory judgment against Ray Anderson and Pella regarding its liability on an insurance contract between itself and Ray Anderson. Pella filed a motion to dismiss, and Potomac opposed the motion arguing that Pella is an "interested party" to the

declaratory action because Pella and Ray Anderson have agreed to share the costs of rectifying the situation and because Ray Anderson may have a duty to indemnify Pella. The District Court stated that as to Pella the question is "once an identified controversy exists in a case, what additional defendants may be properly joined in the action." *Id.* at *3. The District Court dismissed Pella from the declaratory action stating:

> The court is persuaded, upon reflection on the historical purpose of declaratory judgments, that only those parties directly involved with the case's controversy should be joined as defendants. *See, e.g., Normandy Pointe Assocs. v. Federal Emergency Management Agency,* 105 F.Supp.2d 822, 830-31 (S.D.Ohio 2000) (dismissing a party-defendant in a declaratory action because no "case or controversy" existed between the defendant and plaintiff); *Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co.,* 621 F.Supp. 892, 893 (D.Nev.1985) (same); *Reardon,* 323 F.Supp. at 599 (same) . . . However, as the court's power to grant declaratory relief directly flows from § 2201, the court is bound to restrict its action in accordance with the statute's directives. At the core of § 2201 lies a requirement that any relief granted will directly impact and/or resolve an existing conflict between the parties. If a party's interest is not directly intertwined with the controversy, then any relief will only be advisory at best.
>
> Plaintiff has simply offered no dispute, claim, or adverse legal interest between itself and Pella, nor has plaintiff demonstrated how Pella's rights directly flow from the contract executed by plaintiff and Ray Anderson. While Pella may be interested to learn whether Ray Anderson has coverage, this determination does not create a controversy as between itself and plaintiff. As such, the court will grant Pella's motion.
>
> *Id.*

Like the Kansas court found in *Potomac*, this court finds that State Farm has failed to offer any dispute, claim, or adverse legal interest between itself and DCSD2, nor has State Farm shown how DCSD2's rights flow from the insurance contract between State Farm and Singleton. Although it may be beneficial for DCSD2 to learn whether Singleton's policy provides coverage or not, this contingent interest alone is not enough to create a "definite and concrete" controversy between State Farm and DCSD2. See *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227 (1937). Therefore, the court finds that as between State Farm and DCSD2 there is not a "substantial

controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

## **CONCLUSION**

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that Defendant Dorchester County School District Two's motion to dismiss for lack of subject matter jurisdiction is **GRANTED.**

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 28, 2009**
**Charleston, SC**